FIFTH DIVISION
March 30, 2007

No. 1-04-2656

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| LYNDON SMITH, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____JUSTICE GALLAGHER delivered the opinion of the court:

Following a jury trial, defendant Lyndon Smith was convicted of possession of less than 15 grams of cocaine and was sentenced to three years in prison. On appeal, defendant contends that the affidavit on which the search warrant was based did not establish probable cause, and he further argues that his counsel's failure to include that issue in a post-trial motion constituted ineffective assistance of counsel. In addition, defendant asserts that the trial court improperly imposed a drug assessment fine of $500 without determining his ability to pay that amount, and, furthermore, that he is entitled to a credit of $5 per day toward any fine assessed for the 286 days that he spent in custody before being sentenced. Defendant also challenges the $5 fee assessed for spinal cord research. For the reasons that follow, we affirm defendant's conviction. However, the fees and costs order is to be amended to reflect a $500 credit toward defendant's drug assessment fine.

BACKGROUND

On October 31, 2003, Chicago police officer Michael Poppish and a confidential informant requested and received a search warrant for 413 West 56th Place in Chicago to seek crack cocaine and related paraphernalia. The two-page complaint for search warrant stated that on October 31, 2003, the informant told Officer Poppish that he purchased crack cocaine at that residence from a black male that the informant knew as "Millenium" and that the informant had made similar purchases for the last six months. The complaint further stated that Officer Poppish and the informant drove past 413 West 56th Place, which the informant again identified as the location of the drug purchase. The complaint for search warrant described "Millenium" as a black male between 40 and 43 years old and described his approximate height and weight and other identifying features. The complaint concluded with Officer Poppish's averment that crack cocaine was being sold from that address.

The next morning, the officers executed the search warrant and detained defendant as he climbed from a window of the building. After being served with the warrant, defendant said he had "already flushed [the drugs] down the toilet." The officers recovered packaged crack cocaine from the sewer pipe adjacent to a toilet in the house. About $300 in cash also was recovered. When confronted with the drugs, defendant admitted they were his.

Before trial, defense counsel filed a motion to quash the warrant and suppress the evidence gathered as a result. The defense challenged the warrant's validity, arguing that the complaint failed to establish the unnamed informant's veracity and, furthermore, that police did not corroborate the informant's statements. The trial court denied defendant's motion to quash

the search warrant, stating that although the complaint was "totally lacking on its face," the judge who issued the warrant found the officer and the informant to be credible and concluded that probable cause existed to support the warrant.

ANALYSIS

I. Sufficiency of Basis for Finding That Probable Cause Existed to Issue Search Warrant

Defendant first contends that his conviction should be reversed because the affidavit upon which the search warrant was issued did not establish probable cause for the search. He argues that the warrant was based on the unidentified informant's hearsay statements that lacked any indicia of reliability and that the police failed to corroborate.

Defendant acknowledges that his trial counsel did not preserve this issue in a post-trial motion, though counsel argued and lost a motion to quash the warrant and suppress the evidence obtained as a result. Therefore, this court can only review this matter as plain error. See *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988) (issues raised on appeal are preserved for review by objecting during trial and filing a written post-trial motion raising the alleged error). However, before invoking the plain error exception, "it is appropriate to consider whether error occurred at all," because without error, there can be no plain error. *People v. Wade*, 131 Ill. 2d 370, 376, 546 N.E.2d 553, 555 (1989).

For a search warrant to be valid, the complaint and supporting affidavit are not required to show beyond a reasonable doubt that the warrant should be issued; they need only establish probable cause. *People v. Stewart*, 104 Ill. 2d 463, 476-77, 473 N.E.2d 1227, 1232 (1984);

*People v. Moser*, 356 Ill. App. 3d 900, 908, 827 N.E.2d 1111, 1120-21 (2005). "A showing of probable cause means that the facts and circumstances within the knowledge of the affiant are sufficient to warrant a person of reasonable caution to believe that an offense has occurred and that evidence of it is at the place to be searched." *Moser*, 356 Ill. App. 3d at 908, 827 N.E.2d at 1120-21. The judge asked to issue the search warrant may draw reasonable inferences from the material supplied in support of the complaint for search warrant and "is not to be confined by narrow limitations or by restrictions on the use of his or her common sense." *Moser*, 356 Ill. App. 3d at 908, 827 N.E.2d at 1121, citing *People v. Gacy*, 103 Ill. 2d 1, 21, 468 N.E.2d 1171, 1177 (1984).

Defendant argues that because the facts and the credibility of the witnesses are uncontested, this court should review *de novo* the trial court's finding on the motion to quash the warrant and suppress evidence. However, this court's task is to focus on the magistrate's initial determination of probable cause, as opposed to the trial court's review of that determination. See *People v. McCarty*, 223 Ill. 2d 109, 153, 858 N.E.2d 15, 42 (2006). In construing an affidavit for a search warrant, this court must not substitute its judgment for that of the magistrate, but rather to decide whether the magistrate had a substantial basis to conclude that probable cause existed. *People v. Sutherland*, 223 Ill. 2d 187, 204, 860 N.E.2d 178, 203 (2006). The United States Supreme Court has indicated that "after-the-fact scrutiny by [the] courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Illinois v. Gates*, 462 U.S. 213, 236, 76 L. Ed. 2d 527, 547, 103 S. Ct. 2317, 2331 (1983).

Defendant argues that the search warrant came from an informant whose reliability was

unestablished and, furthermore, the warrant was based on uncorroborated information. First, as to the reliability of the unnamed informant in this case, defendant contends that Officer Poppish received the tip from a single unnamed source with whom the officer had no prior experience. Defendant further points out that the informant's account provided the police with only vague details about the drug sale and that Officer Poppish corroborated only one easily verifiable fact: the existence of the house at which the informant said the drug sale took place.

This court has held that where "the informant has appeared before the issuing judge, the informant is under oath, and the judge has had the opportunity to personally observe the demeanor of the informant and assess the informant's credibility, additional evidence relating to informant reliability is not necessary." *Moser*, 356 Ill. App. 3d at 909, 827 N.E.2d at 1121; see also *People v. Phillips*, 265 Ill. App. 3d 438, 448, 637 N.E.2d 715, 721-22 (1994) (finding that corroboration of an informant's allegations not needed where informant appeared before judge issuing search warrant).

Defendant asserts, however, that although the informant appeared in person before the issuing judge, the warrant was issued based upon an "examination of the complaint" and not upon the informant's statements. He argues that despite the informant's appearance before the magistrate, no evidence was presented that the informant was actually questioned. Indeed, in the absence of any such record, we decline to adopt the State's position that the magistrate necessarily questioned the informant and thus had the opportunity to assess the informant's credibility.

Although our search of Illinois cases from state courts has uncovered no precedent on this

point, our federal counterpart, the Seventh Circuit Court of Appeals, has found it sufficient that the informant was available for questioning before the issuance of the warrant, even if no evidence was presented that the informant was actually questioned. In *United States v. Johnson*, 289 F.3d 1034, 1037 (7th Cir. 2002), a police officer and a confidential informant appeared in court before the judge who issued the search warrant. The informant had told the officer that he had observed the defendant manufacturing cocaine at a particular address and that the defendant told him he intended to sell the substance. *Johnson*, 289 F.3d at 1036. The officer corroborated that the defendant was a black male born on the date specified by the informant and also confirmed that a vehicle parked at the address was registered to the defendant. *Johnson*, 289 F.3d at 1036. Although the informant "took an oath and signed an affidavit mirroring the details" in the officer's application for the warrant, the record was "unclear" regarding whether, before issuing the warrant, the judge questioned the informant, whether the informant testified to the court or if the judge otherwise observed the informant's demeanor. *Johnson*, 289 F.3d at 1037.

When the defendant in *Johnson* argued on appeal that the government failed to establish the informant's reliability, the Seventh Circuit disagreed after examining the totality of the circumstances as instructed by the United States Supreme Court's opinion in *Gates*. *Johnson*, 289 F.3d at 1038-39. The *Johnson* court noted:

"When the credibility of a [confidential informant] is at issue, our prior cases instruct us to consider several factors, such as the informant's personal observations, the degree of detail given, independent police corroboration of the

6

*** information and whether the informant testified at the probable cause hearing. [Citation.] No single issue is dispositive; 'a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability.' We emphasize these factors as a means of examining the [informant's] reliability and whether, based upon the facts provided by the [informant], a substantial basis existed for concluding that law enforcement officials would discover evidence of a particular crime in a particular place. [Citation.]" *Johnson*, 289 F.3d at 1038-39, quoting *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999).

The defendant in *Johnson* further contended, as does defendant here, that although the informant was present in court, the record did not establish that the magistrate questioned the informant. *Johnson*, 289 F.3d at 1040. While noting that "an on-the-record exchange" between the court and the informant would support a finding of reliability, the Seventh Circuit found such evidence was not required, noting that the informant's presence and ability to be questioned were "themselves indicia of reliability because they eliminate some of the ambiguity that accompanies an unknown hearsay declarant." *Johnson*, 289 F.3d at 1040. The court further noted that the informant's presence "allows the issuing judge to confront the [informant] if necessary." *Johnson*, 289 F.3d at 1040. Therefore, we do not find that the lack of an on-the-record colloquy between the magistrate and the informant destroys the reliability established by the informant's presence. The *Johnson* court stated in a footnote, however, that the informant's appearance before the magistrate was only one factor in the *Gates* "totality of the circumstances" analysis.

1-04-2656

*Johnson*, 289 F.3d at 1040 n.3.

The issuing magistrate's task "is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 76 L. Ed. 2d at 548, 103 S. Ct. at 2332; see also *McCarty*, 223 Ill. 2d at 153, 858 N.E.2d at 42.

Noting the factors set out in *Johnson*, we weigh the informant's personal observations, the degree of detail offered and police corroboration of the information against the fact that the record does not establish that the informant testified in support of the warrant. *Johnson*, 289 F.3d at 1038-39. As previously noted, no single factor is determinative, and a weakness in one component can be offset by a strength in another. The informant told Officer Poppish that he bought cocaine at 413 West 56th Place in Chicago from a person matching defendant's description. As in *Johnson*, the informant in the instant case admitted using cocaine for the last five years. An admission of familiarity with illegal substances bolsters the information's reliability. See *Johnson*, 289 F.3d at 1039 ("by making statements against his penal interest, the [informant] offered another indicium of reliability"); *United States v. Jones*, 208 F.3d 603, 609 (7th Cir. 2000) (such statements supported informant's reliability and credibility).

Despite the lack of proof that the informant was questioned in court, the informant appeared before the magistrate when the warrant was issued and was thus available for questioning. The fact that no questioning occurred does not undermine the magistrate's finding that probable cause existed to issue the search warrant because the informant's very presence

8

supported his or her reliability. See *Johnson*, 289 F.3d at 1040. Taken as a whole, the evidence provided the magistrate with a substantial basis to conclude that probable cause existed to search 413 West 56th Place. The record supported the magistrate's finding of probable cause. Thus, because no error occurred, defendant's assertion does not constitute plain error. In addition, defendant's claim does not support an argument that his trial counsel was ineffective for failing to include the argument in the post-trial motion, because that omission did not prejudice defendant. See *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); *People v. Easley*, 192 Ill. 2d 307, 332, 736 N.E.2d 975, 993 (2000) (to show ineffectiveness of counsel, a defendant must demonstrate both that his attorney's performance fell below a standard of reasonableness and also that the error resulted in an unreliable or unfair proceeding).

## II. Defendant's Remaining Contentions

After sentencing defendant, the judge imposed fines and costs of $1,324, including $500 for a controlled substance assessment pursuant to section 411.2(a) of the Illinois Controlled Substances Act (720 ILCS 570/411.2(a) (West 2002)). We first address defendant's contention that he is entitled to a $5-per-day credit against the controlled substance assessment for the 286 days he spent in custody before he was sentenced.

Since the parties have submitted their briefs in this case, the Illinois Supreme Court has held in *People v. Jones*, 223 Ill. 2d 569, 588 (2006), that this drug assessment is a fine that can be offset with the presentence credit that a defendant is allowed pursuant to section 110-14 of the

Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2004)). A credit of $5 per day for 286 days equals $1,430, which exceeds the amount of the original $500 drug assessment fine. Given the full credit that defendant will receive toward his fine, his contention that the court erred in failing to determine his ability to pay the $500 fine is moot.

Defendant's remaining contention on appeal involves the $5 fee he was charged for the Spinal Cord Injury Paralysis Cure Research Trust Fund (the Spinal Cord Fund) under section 5-9-1.1(c) of the Unified Code of Corrections (730 ILCS 5/5-9-1.1(c) (West 2002)). The supreme court in *Jones* also resolved the conflict on this point and upheld the validity of the spinal cord fund on due process grounds. *Jones*, 223 Ill. 2d at 605-06. We therefore do not disturb the trial court's imposition of that fee.

In conclusion, defendant's conviction is affirmed, as is the $5 charge to defendant for the Spinal Cord Fund. However, we order that the fees and costs order be modified to reflect a $500 credit toward defendant's drug assessment fine, thus negating the drug assessment fine in its entirety.

Affirmed as modified.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.