NO. 4-09-0153    Filed 7/8/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|      Plaintiff-Appellee, | ) | Circuit Court of |
|      v. | ) | Adams County |
| GREGORY L. MEYER, | ) | No. 06CF743 |
|      Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott H. Walden, |
| | ) | Judge Presiding. |

_____

JUSTICE McCULLOUGH delivered the opinion of the court:

In February 2007, the State charged defendant with two counts of unlawful possession of a weapon by a felon, a Class 3 felony (720 ILCS 5/24-1.1(a), (e) (West 2006)).  The State alleged that defendant knowingly possessed a Llama 9-millimeter handgun (count IV) and 9-millimeter ammunition (count V), while having a prior felony conviction for burglary.  At that time, the State also charged defendant with two counts of delivery of a controlled substance (hydrocodone), one count of unlawful delivery of a controlled substance (morphine), and one count of unlawful possession with intent to deliver a controlled substance (hydrocodone) (720 ILCS 570/401(d) (West 2006)).  The State later severed defendant's drug and weapons charges, going to trial first on the weapons charges.

In June 2007, a jury convicted defendant of two counts of unlawful possession of a weapon by a felon.  In July 2007, defendant entered a negotiated guilty plea to one count of delivery of a controlled substance, and the State dismissed the

remaining charges. In August 2007, the trial court sentenced defendant to three years' imprisonment on each weapons count and four years on the delivery count, with all sentences to be served concurrently. In November 2008, this court dismissed defendant's initial appeal from his weapons convictions because of a pending motion to reduce sentence in People v. Meyer, No. 4-08-0039, slip order at 9 (November 13, 2008) (unpublished order pursuant to Supreme Court Rule 23). On remand, the court permitted defendant to withdraw his motion to reduce sentence because he had finished serving his prison term.

Defendant again appeals his convictions for unlawful possession of a weapon and ammunition by a felon. Defendant argues (1) his trial counsel was ineffective for failing (a) to move to suppress video taken of the inside of his home by a confidential informant, (b) to challenge the warrant application as fatally defective, and (c) to stipulate to defendant's status as a convicted felon; (2) the evidence was insufficient to sustain a conviction for possession of handgun ammunition, as the State failed to show that the ammunition was live; (3) the State committed plain error when it introduced evidence regarding defendant's prior felony conviction; (4) plain error occurred when the videotape was admitted without a proper foundation; and (5) the prosecutor committed reversible error when he made improper comments on the evidence during closing arguments. We affirm.

On December 20, 2006, Harold Meyers, a confidential

informant of the West Central Illinois Task Force, agreed to wear a buttonhole camera during the controlled purchase of narcotics from defendant.  Following the purchase, Meyers filled out an affidavit, which stated the following:

"1. Jane Doe is not my real name, but is the name I am using for this search warrant.

2. *** I have read the description for [defendant's] trailer that is contained in the search warrant and it is true and correct.

3. *** I am familiar with the color and texture of Hydrocodone, Morphine, and Adderal through my own personal use.

4. Within the last 72 hours I have been to the residence of [defendant] ***.  At the time I was inside the residence, I saw approximately 20-30 Hydrocodone pills lying on top of a table in plain view inside of the kitchen area ***.

5. On prior occasions I have received and purchased Hydrocodone from [defendant].

6. I was also shown a photograph of a subject who I identified as [defendant].

7. I have not been promised anything in return for my cooperation in this case."

In conjunction with Meyers's affidavit, Officer Brian

- 3 -

Martin of the Quincy police department filed a complaint for a search warrant of defendant's trailer. The application further alleged Meyers had informed police that defendant was selling prescription narcotics out of his home for between $3 and $10 per pill. On December 21, a trial judge granted police a warrant to search for prescription narcotics in defendant's home. Neither the warrant application nor Meyers's affidavit mentioned the firearm, the ammunition, the controlled purchase, or the video.

On December 22, 2006, police executed the search warrant. A search of the premises turned up a 9-millimeter Llama handgun, 9 rounds of unfired ammunition, one 9-millimeter magazine, 20 tablets of hydrocodone, and proof of address. The handgun was found inside a lockbox, which police also confiscated.

Also on December 22, the State filed a four-count information against defendant. In February 2007, a grand jury indictment containing the charges listed above superceded the original information.

Prior to trial, the State sought defendant's stipulation that he had a 1972 felony burglary conviction. Defense counsel declined to stipulate to the prior conviction.

At defendant's June 2007 trial, the State introduced as evidence the testimony of Officer Martin and Inspector Lee Mangold of the Quincy police department, along with the digital video disc (DVD) showing defendant holding pills and a firearm taken by Meyers. The DVD was played for the jury. Defendant's

trial counsel did not object to the DVD being played.

The State then offered defendant's indictment for burglary, guilty-plea form, jury-waiver form, and probation order as proof of defendant's 1972 felony burglary conviction.

Defendant testified in his own behalf. Defendant admitted that he was the person on the video holding the handgun. Defendant also admitted that he had received the handgun a few days before from a cousin for safekeeping. He placed it in the lockbox because his relatives' children were frequently in his home over the holidays. Defendant also admitted that he did not have a valid firearm owner's identification (FOID) card and had been convicted of burglary in 1972.

David Winters testified that he was defendant's cousin. Winters purchased the handgun and ammunition, which was live, in Arkansas. Winters did not have a valid FOID card, so he gave the handgun and ammunition to defendant for safekeeping. Defendant had the only key to the lockbox in which the handgun and ammunition were found.

As stated, this court dismissed defendant's initial appeal because the trial court had not ruled on his motion to reduce sentence. Meyer, slip order at 9. Following the dismissal, the court permitted defendant to withdraw his motion as moot because he had finished serving his prison term.

This appeal followed.

Defendant first argues that his trial counsel rendered ineffective assistance when he (1) failed to move to suppress the

video as the product of an illegal search, (2) failed to challenge the warrant itself as defective, and (3) declined to stipulate to defendant's status as a felon.

To sustain a claim for ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and, but for the deficient performance, a reasonable probability exists that the outcome of the proceeding would have been different. People v. Colon, 225 Ill. 2d 125, 135, 866 N.E.2d 207, 213 (2007). Performance is deficient where it is unreasonable under prevailing professional standards. Colon, 225 Ill. 2d at 135, 866 N.E.2d at 213. A reasonable probability is one sufficient to undermine our confidence in the outcome of the proceeding. People v. Manns, 373 Ill. App. 3d 232, 239, 869 N.E.2d 437, 442 (2007). The failure to satisfy either prong of the test is fatal to an ineffective-assistance claim. Colon, 225 Ill. 2d at 135, 866 N.E.2d at 213.

Defendant first argues that the State violated his fourth-amendment right to be free from unreasonable searches when Inspector Mangold sent Meyers into his home with a concealed video camera without first obtaining a warrant.

The fourth amendment protects people against unreasonable government searches and seizures of persons, houses, papers, papers, and effects. U.S. Const., amend. IV. The fourth amendment does not protect anything that the defendant knowingly exposes to another member of the public, including a government agent. Hoffa v. United States, 385 U.S. 293, 302-03, 17 L. Ed.

- 6 -

2d 374, 382-83, 87 S. Ct. 408, 413-14 (1966).  As the Hoffa Court stated, the fourth amendment does not protect against "a wrong-doer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it."  Hoffa, 385 U.S. at 302, 17 L. Ed. 2d at 382, 87 S. Ct. at 413.  In Lopez v. United States, the United States Supreme Court held that the defendant had no privacy interest sufficient to protect against the admission of the recording of a conversation between the defendant and a government agent, made by the agent himself.  Lopez v. United States, 373 U.S. 427, 438, 10 L. Ed. 2d 462, 470, 83 S. Ct. 1381, 1387-88 (1963).  Following the Supreme Court's reasoning from Lopez, federal courts of appeal have held that video recordings obtained by or with the consent of a government agent do not constitute an unconstitutional search.  See, e.g., United States v. Brathwaite, 458 F.3d 376, 381 (5th Cir. 2006); United States v. Lee, 359 F.3d 194, 201 (3d Cir. 2004) (holding no violation occurred where the defendant was in the room but the recording device was not on his person); United States v. Davis, 326 F.3d 361, 367 (2d Cir. 2003).

Defendant had no constitutionally protected privacy interest in any activity that Meyers viewed in his home.  This includes defendant's possession of the handgun.  Meyers simply obtained the most reliable evidence of events that he witnessed and could have testified to.  Because any motion to suppress the video on the grounds that it was obtained in violation of the fourth amendment would have failed, defendant's counsel's deci-

- 7 -

sion not to challenge the video on constitutional grounds was not deficient. Moreover, no prejudice arose because the video would not have been suppressed.

Defendant further argues that article I, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §6) bars the State from having an informant record activities otherwise hidden from the general public without the suspect's permission. Defendant's only citation to authority is for the very general proposition that the Illinois Constitution of 1970 provides more privacy protections for individuals than the federal constitution. Absent persuasive reasoning to the contrary, Illinois courts follow the lockstep doctrine and interpret article I, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, §6) to provide privacy protections equal to those of the fourth amendment (U.S. Const., amend. IV). See, e.g., People v. Krueger, 175 Ill. 2d 60, 70-76, 675 N.E.2d 604, 610-12 (1996) (declining to extend good-faith exception to searches conducted to an unconstitutional statute). Defendant has failed to provide any citation to authority or argument as to how this court could interpret article I, section 6, in a manner contrary to the fourth amendment in this situation. For that reason, defendant's contentions are forfeited.

Defendant next argues that his counsel was ineffective for failing to move for a Franks hearing (see Franks v. Delaware, 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 682, 98 S. Ct. 2674, 2684-85 (1978)) to challenge the veracity of statements made in

- 8 -

Meyers's affidavit.  Defendant bases his argument upon a statement by the prosecutor at trial in June 2007, almost six months after the filing of the search warrant, that Meyers had been arrested but not charged on a felony drug charge due to his cooperation in this case and others.  Defendant has put forth no evidence to show that, at the time Meyers filed his affidavit, he had been promised or expected to receive consideration for his work as a confidential informant.  Likewise, defendant has not shown that Officer Martin knew Meyers had received, or expected to receive, consideration for his work as an informant when he filed the search-warrant application.  Defendant has the burden to show that prejudice arose as a result of counsel's deficient performance.  The record provided in this case is simply devoid of such facts.  Defendant has failed to show that he was entitled to a Franks hearing, much less that he would have prevailed at one.

Defendant contends that his counsel was ineffective for failing to challenge the warrant as defective because it did not contain any mention of the fact that police officers had watched video of defendant holding a bottle of pills and a handgun.  Defendant's argument is not well taken.  An affidavit including the contents of the video would have strengthened the State's evidence for a warrant, not weakened it.  See People v. Bryant, 389 Ill. App. 3d 500, 531, 906 N.E.2d 129, 153-54 (2009) (rejecting the same argument).  Therefore, defendant's argument fails.

Defendant next argues that the warrant application was

deficient on its face because it failed to establish that he was involved in criminal activity. According to defendant, "[t]here is no assertion that these recent events described (simply seeing some pills) were criminal." The State argues that the complaint was sufficient in that it showed (1) Meyers saw hydrocodone pills inside defendant's residence within 72 hours of filing and (2) Meyers had purchased prescription narcotic pills from defendant in the past.

This court reviews a probable-cause determination for whether the issuing magistrate had a substantial basis for determining probable cause existed. People v. McCarty, 223 Ill. 2d 109, 153, 858 N.E.2d 15, 42 (2006). "The extent of details contained in a complaint for search warrant matters." Bryant, 389 Ill. App. 3d at 521, 906 N.E.2d at 146. A tip providing specific and detailed information regarding the alleged criminal activity suggests that the informant obtained his information in a reliable fashion. People v. Tisler, 103 Ill. 2d 226, 239, 469 N.E.2d 147, 154 (1984). The warrant established that Meyers had been inside defendant's home within the past three days. While inside, Meyers had seen between 20 and 30 hydrocodone pills, with which he was familiar from personal experience. Meyers knew where the pills were stored, the kitchen, and how much they sold for, $3 to $10.

The affidavit also indicated that Meyers had firsthand knowledge of defendant's possession of the pills. See People v. Smith, 372 Ill. App. 3d 179, 184, 865 N.E.2d 502, 506 (2007)

(stating basis of the informant's knowledge is a factor to consider). Again, Meyers stated that he had been in defendant's home within 72 hours and had seen hydrocodone pills on the kitchen table at that time.

Finally, Meyers also made two admissions against interest, which the magistrate could consider as evidence of his credibility. See People v. Saiken, 49 Ill. 2d 504, 512, 275 N.E.2d 381, 386 (1971) (considering admission against interest in probable-cause analysis). Meyers admitted that his familiarity with hydrocodone came from personal use. He also admitted that he had purchased pills illegally from defendant in the past. Although neither admission was sufficiently detailed to prose-cute, Meyers nonetheless admitted past illegal conduct in a court document.

This court determines whether the issuing magistrate had a substantial basis upon which to issue a warrant. The information contained in Meyers's affidavit and Officer Martin's complaint provided the magistrate with a substantial basis upon which to issue a search warrant. Because the warrant is not facially deficient, no prejudice arose to defendant when his counsel failed to challenge its issuance. For that reason, defendant's claim of ineffective assistance of counsel fails.

Defendant next argues that his counsel was ineffective when he declined to stipulate to defendant's status as a felon. According to defendant, evidence of his 1972 burglary conviction was unfairly prejudicial. The State argues that defendant

suffered no prejudice sufficient to undermine confidence in the outcome of his trial.

Defendant suffered no prejudice requiring reversal in this case. His prior conviction was for burglary in 1972. In this case, defendant was charged with unlawful possession of a firearm. The crimes are dissimilar in nature. Little danger exists that the jury convicted defendant of this crime based upon an improper propensity inference. Also, defendant's burglary conviction was over 30 years old at the time of trial. No evidence suggested that defendant was a habitual criminal from whom society needed protection. Therefore, defendant has failed to show that counsel's failure to stipulate resulted in prejudice sufficient to require reversal of his conviction.

Defendant also argues that counsel's failure to stipulate was prejudicial plain error so serious that it affected the fairness of his trial. Defendant contends that prejudice arose from (1) the mere admission of the nature of his prior conviction and (2) the admission of his jury-waiver form, guilty-plea form, probation-conditions form, and indictment as exhibits. Any error in the admission of defendant's burglary conviction did not rise to the level of plain error. Again, this court has no reason to presume prejudice from the jury's receipt of 35-year-old court documents for an offense wholly unrelated to the current offense.

Defendant argues that the State failed to prove his conviction beyond a reasonable doubt because it did not introduce evidence that the ammunition was live. The supreme court consid-

ered and rejected the argument defendant makes in <u>People v. Lee</u>, 48 Ill. 2d 272, 281, 269 N.E.2d 488, 493 (1971).  The <u>Lee</u> court held that the statute did not require proof that the ammunition was live to sustain a conviction, stating as follows:

> "The statutory requirement was that the ammu-
> nition be 'designed to be used or adaptable
> to use in a firearm.'  Whether the shells
> introduced at trial were of this character
> was for the trier of fact to decide."  <u>Lee</u>,
> 48 Ill. 2d at 281, 269 N.E.2d at 493, quoting
> Ill. Rev. Stat. 1969, ch. 38, par. 83-1.1(4).

The statutory definition of "firearm ammunition" remains unchanged.  See 430 ILCS 65/1.1 (West 2006); see also 720 ILCS 5/2-7.1 (West 2006) (giving firearm ammunition the definition found in the Firearm Owners Identification Card Act).  As a result, defendant's argument fails.

Defendant contends that the trial court committed prejudicial plain error when it permitted the State to admit the video of defendant holding the handgun without a proper foundation.  The State argues that any error in the video's admission did not rise to the level of plain error.

Defendant concedes that he failed to object at trial and the alleged error must be reviewed for plain error.  See <u>People v. Sorrels</u>, 389 Ill. App. 3d 547, 552, 906 N.E.2d 788, 793 (2009) (requiring a timely objection at trial and in a posttrial motion to preserve error for review).  The plain-error doctrine

- 13 -

permits review of a forfeited error, in pertinent part, where "a clear or obvious error occurs and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." People v. Piatkowski, 225 Ill. 2d 551, 565, 870 N.E.2d 403, 410-11 (2007).

Assuming, arguendo, that the foundation for admission of the video was deficient, any error in its admission did not rise to the level of plain error. Inspector Mangold testified that he equipped Meyers with a Hawk video surveillance camera and turned it on right before Meyers entered defendant's residence. After Meyers exited the residence, Inspector Mangold took the video camera back from Meyers. Inspector Mangold knew of no manner to alter or tamper with video recorded using the Hawk. To prevent tampering, the camera runs in segments, which restart every time the camera is turned on or off. There was only one segment on the camera when Inspector Mangold took it from Meyers.

Inspector Mangold further testified that he reviewed the DVD before executing the search warrant. According to his testimony, the DVD fairly and accurately depicted the trailer's contents. The State also had Meyers on its list of proposed witnesses, and the record contains a subpoena for Meyers. The best practice would have been for the State to have Meyers lay a proper foundation for the video or to secure a stipulation from defense counsel as to foundation. However, the failure to do so did not affect the fairness of defendant's trial or challenge the

integrity of the process leading to his conviction.

Defendant next argues that the prosecutor committed plain error on cross-examination and closing argument when he brought out the facts that defendant did not have a FOID card, showed Meyers the gun while children were present, and knew Meyers was a convicted felon attempting to purchase a gun. Because defendant failed to preserve any of these arguments, we review for plain error. A review of the record shows no error was committed.

On cross-examination, each fact impeached defendant's credibility and was thus permissible. Defense counsel's closing argument was essentially a plea for lenity from the jury because defendant was a good person trying to help his cousin. Because defense counsel's argument invited a response, the prosecutor did not err during closing argument.

For the reason stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

STEIGMANN, J., concurs.

APPLETON, J., dissents.

JUSTICE APPLETON, dissenting:

I respectfully dissent from the majority's decision that defendant had no constitutionally protected privacy interest to prohibit a video recording of his home. While there is no doubt that the government agent, Harold Meyers, could report to the police any evidence of wrongdoing he saw occurring in defendant's home and testify to the same at defendant's trial, the video recording constitutes a warrantless search that is unlawful under the fourth amendment to the constitution. U.S. Const., amend. IV. Testimony of an undercover source may be attacked at trial. A video recording cannot be rebutted or diminished in terms of evidentiary veracity.

I am not unaware that other courts have determined this issue to the contrary. See Davis, 326 F.3d at 367. I find the extensive analysis, however, made of this issue by the dissent of Justice Harlan in United States v. White, 401 U.S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122 (1971), to be much more probative. I see no reason to marginalize the clear constitutional prohibition against warrantless searches and seizures for either police expediency or prosecutorial overkill. The person sent into defendant's home by the police could have easily reported to them what, if anything, he had seen and that information could have been used to obtain a search warrant in due course.