NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 240512-U

NO. 4-24-0512

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 29, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| GEORGE D. SMITH, | ) | No. 22CM128 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Randy A. Yedinak, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE HARRIS delivered the judgment of the court.
Justices Zenoff and Cavanagh concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court affirmed, finding defendant forfeited his argument that his
constitutional right to counsel was violated because the trial court failed admonish
him in substantial compliance with Illinois Supreme Court Rule 401(a) (eff. July
1, 1984).

¶ 2    Following a stipulated bench trial, defendant, George D. Smith, was found guilty

of unlawful consumption of alcohol by a minor (235 ILCS 5/6-20(e) (West 2022)), driving

without a valid driver's license (625 ILCS 5/6-101 (West 2022)), speeding (*id.* § 11-601(b)), and

operating an uninsured motor vehicle (*id.* § 3-707). The trial court ordered that defendant serve a

two-year term of court supervision. Defendant appeals, arguing that his constitutional right to

counsel was violated where he did not knowingly waive his right to counsel because the court

failed to substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984). We

affirm.

¶ 3                                   I. BACKGROUND

¶ 4          In September 2022, defendant was charged with unlawful consumption of alcohol by a minor (235 ILCS 5/6-20(e) (West 2022)), illegal possession of alcohol by a minor (*id.* § 6-20(a)), driving without a valid license (625 ILCS 5/6-101 (West 2022)), operating an uninsured motor vehicle (*id.* § 3-707), speeding (*id.* § 11-601(b)), improper lane usage (*id.* § 11-709(a)), and driving with an expired registration (*id.* § 3-401)).

¶ 5          Between January 2023 and July 2023, defendant, *pro se*, filed several motions to dismiss the charges "for failure to state a cause of action for which relief can be granted." Along with these motions, defendant filed documents titled "Declaration of Political Status" and "Affidavit and Claim of Noncorporate Status." In all of the motions, defendant alleged that a crime could not exist without an injured party. In the third motion to dismiss, defendant alleged that "[a]ll the infractions that the officer is claiming are for Commercial use motor vehicles only." Defendant alleged that the Illinois Vehicle Code did not apply to him because he was not "operating in commerce" at the time of the offenses. A docket sheet in the common law record states that the trial court denied these motions, but no written orders or transcripts of the hearings on the motions appear in the record.

¶ 6          On September 1, 2023, the trial court noted that defendant was appearing *pro se* and had indicated that he wished to continue to represent himself at trial. The court proceeded to admonish defendant concerning his waiver of counsel. The court stated that the charges of unlawful consumption of alcohol by a minor and illegal possession of alcohol by a minor were Class A misdemeanors, which were punishable by up to 364 days in jail and up to a $2,500 fine. The court stated: "You could also receive a sentence of court supervision, probation, or

conditional discharge for those offenses." The court stated that the remaining charges were petty offenses, which were punishable by fine only, with no jail time. The court stated defendant could also receive court supervision for some or all of those offenses.

¶ 7    The trial court then asked defendant if he understood the charges against him. Defendant replied, "I am aware of the charges, I just can't say I understand." The court advised defendant that if it could not make a record that he understood the charges against him, he would not be permitted to represent himself. Defendant stated: "I think we are in two different jurisdictions, here. I mean, I am talking about land and soil and you are talking about maritime. And so I would just like to challenge that." The court replied that it was not talking about "maritime" but rather was talking about the laws of the State of Illinois. The court again asked defendant if he understood the charges. Defendant stated: "If I say I understand, then that means I stand under you. I mean, that is Black's Law Dictionary." Defendant continued to discuss maritime law. The court again asked defendant if he understood what the State had charged him with. Defendant said he did not. The court then appointed the public defender to represent defendant.

¶ 8    On November 2, 2023, defendant appeared in court with his attorney. Defendant advised the trial court that he wished to represent himself. The court told defendant that his traffic citations were petty offenses that were punishable by fine only. The court stated defendant was also charged with two Class A misdemeanors—unlawful consumption of alcohol by a minor and illegal possession of alcohol by a minor. The court stated these offenses were punishable by up to 364 days in jail and up to a $2,500 fine. The court stated: "The minimum sentence for these offenses would be court supervision."

¶ 9    The trial court asked defendant if he understood the charges against him. After

confirming that the court was using the "everyday use" definition of the word "understand," defendant stated he understood the charges and the potential penalties. In response to the court's questioning, defendant stated he was 21 years old, had a high school diploma, did not have any mental illnesses, did not take any medication that impacted his ability to think and understand, and had previously represented himself in a traffic case in which he pled guilty. The court advised defendant, *inter alia*, that presenting a defense required adherence to various rules governing the conduct of a trial, a person unfamiliar with legal proceedings might make tactical decisions with unintended consequences, and the effectiveness of his defense might be diminished by his dual role as attorney and accused. The court also admonished defendant that he would not receive any special consideration from the court, he would receive no extra time to prepare during the trial, he could not change his mind about waiving his right to counsel during the trial, and the court would not appoint standby counsel. Defendant stated he understood. The court found defendant had knowingly and voluntarily waived his right to counsel.

¶ 10    On February 20, 2024, the matter was set for a trial. After discussing a few preliminary matters, the trial court took a recess. Upon returning, defendant indicated he wished to waive his right to a jury trial and proceed with a stipulated bench trial. The court subsequently found defendant knowingly and voluntarily waived his right to a jury trial. The State asserted that, if called as a witness, Deputy Kevin Shaughnessy would testify that on the day of the incident, he pulled over a vehicle driven by defendant at approximately 2 a.m. His police-issued radar device indicated that defendant was driving 13 miles per hour over the speed limit. During the traffic stop, Shaughnessy discovered defendant did not possess a valid driver's license and that he was unable to provide proof of insurance. Defendant admitted to Shaughnessy that he had consumed alcohol despite being under the age of 21. The court asked defendant if he disagreed

that Shaughnessy would so testify, and defendant stated he did not disagree. At the State's request, the court admitted a DVD recording of the traffic stop and a document from the Illinois Secretary of State's office showing that defendant's license was invalid at the time of the incident.

¶ 11　　　　The trial court found defendant guilty of the offenses of unlawful consumption of alcohol by a minor, driving without a valid license, operating an uninsured vehicle, and speeding. The remaining counts were dismissed on the State's motion. The matter proceeded immediately to sentencing, and the court ordered that defendant serve 24 months of court supervision for unlawful consumption of alcohol by a minor, driving without a valid license, and operating an uninsured vehicle. The court explained that a disposition of court supervision was not a conviction and if defendant successfully completed his court supervision, the case would be "essentially dismissed." The court also imposed fines totaling $250 plus court costs for those offenses. The court entered a judgment of conviction and a $100 fine for speeding.

¶ 12　　　　This appeal followed.

¶ 13　　　　　　　　　　　　　　II. ANALYSIS

¶ 14　　　　On appeal, defendant argues that his "constitutional right to counsel was violated where he did not knowingly waive his right to counsel because the circuit court failed to substantially comply with Illinois Supreme Court Rule 401(a) [(eff. July 1, 1984)]." Rule 401(a) provides:

　　　　　"Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

¶ 15      "[S]ubstantial compliance with Rule 401(a) is required for an effective waiver of counsel." *People v. Campbell*, 224 Ill. 2d 80, 84 (2006). See *People v. Haynes*, 174 Ill. 2d 204, 236 (1996) ("Strict, technical compliance with Rule 401(a), however, is not always required. Rather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was made knowingly and voluntarily, and the admonishment the defendant received did not prejudice his rights.").

¶ 16      Here, defendant argues the trial court failed to substantially comply with Rule 401(a) because it failed to correctly admonish him of the maximum sentence he could receive. Specifically, defendant contends the court failed to admonish him that he could be sentenced to court supervision, probation, or conditional discharge for a two-year term. Defendant acknowledges that the court accurately admonished him that the maximum jail sentence he could receive was 364 days. However, he argues he was never admonished he could face up to 24 months of court supervision, the sentence the court ultimately imposed. Defendant contends that the court's failure to admonish him that he could receive a 24-month term of court supervision, probation, or conditional discharge "could have impacted [his] decision to proceed *pro se*, especially because, if he had counsel, he could have proceeded with a jury trial rather than agreeing to a stipulated bench trial to preserve an issue for appeal with no merit on its face."

¶ 17　　　　Defendant acknowledges that he failed to preserve his argument that he did not knowingly waive his right to counsel due to the trial court's failure to substantially comply with Rule 401(a) by failing to raise it in the trial court. See *People v. Sorrels*, 389 Ill. App. 3d 547, 552 (2009) ("A defendant forfeits an argument for appeal when he fails to (1) timely object at trial [citation] or (2) raise the issue in a posttrial motion."). However, defendant contends the issue is reviewable under the second prong of the plain error doctrine.

¶ 18　　　　The plain-error doctrine allows reviewing courts to consider a forfeited error when a clear or obvious error has occurred and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Our supreme court has equated the second prong of the plain-error doctrine with structural error. *People v. Moon*, 2022 IL 125959, ¶ 28. "An error is typically designated as structural only if it necessarily renders a criminal trial fundamentally unfair or is an unreliable means of determining guilt or innocence." *Id.*

¶ 19　　　　In his initial brief, defendant argues the second prong of the plain-error doctrine applies because "the failure to comply with Rule 401 implicates the fundamental right to counsel." Defendant asserts, citing *People v. Black*, 2011 IL App (5th) 080089, ¶ 24, that Illinois courts have consistently held that failure to comply with Rule 401(a) is reviewable under the second prong of the plain error doctrine. In response, the State argues that this issue was revisited in our supreme court's decision in *People v. Ratliff*, 2024 IL 129356, ¶¶ 34-46, which was filed several weeks after defendant's initial brief.

¶ 20    In *Ratliff*, our supreme court found that a violation of Rule 401(a) is not akin to structural error, and, accordingly, "if not raised in a postplea or posttrial motion, is not cognizable as second-prong plain error but only as first-prong plain error." *Id.* ¶ 46. The court stated:

"[W]hile Rule 401(a) is 'a safeguard that is designed to help ensure that the defendant is afforded an important constitutional right' [citation], the rule is tangential to the constitutional right itself. Nothing in the federal or state constitutions requires any admonitions before a defendant may waive the right to counsel, which explains why we have repeatedly held that the trial court need only substantially comply with the rule. [Citations.] The fact that substantial compliance is sufficient indicates that a Rule 401(a) violation, if pressed in a postplea or posttrial motion, would be subject to a record-intensive and prejudice-focused harmless error analysis. If such a violation rose to the level of structural error, strict compliance would be required. Stated differently, it is conceivable that a defendant could knowingly and voluntarily waive the right to counsel, proceed *pro se*, and still have a fair trial without the admonitions." *Id.* ¶ 44.

¶ 21    In his reply brief, defendant argues that *Ratliff* is distinguishable because, unlike in *Ratliff*, he is not merely arguing that the trial court violated Rule 401(a). Rather, defendant claims he is also arguing that he did not provide a knowing, intelligent, and voluntary waiver of his constitutional right to counsel at a critical stage of the proceedings, and this is akin to structural error.

¶ 22    We reject defendant's attempt to distinguish *Ratliff*, as we disagree with his assertion that he made a constitutional argument that was distinct from his argument that the trial

court failed to substantially comply with Rule 401(a). While defendant correctly notes that he referenced the constitutional right to counsel several times in his initial brief, his sole argument was that "his constitutional right to counsel was violated *because the circuit court did not properly admonish him regarding the potential penalties he could receive as required by Illinois Supreme Court Rule 401*." (Emphasis added.) However, as the *Ratliff* court stated, "[n]othing in the federal or state constitutions requires any admonitions before a defendant may waive the right to counsel." *Id.*

¶ 23    Defendant has pointed to nothing beyond the trial court's alleged failure to substantially comply with the admonition requirement of Rule 401(a) in support of his argument that his constitutional right to counsel was violated. He does not argue that he was actually unaware that he could receive a sentence of two years of court supervision at the time he waived his right to counsel, and the record does not definitively establish whether he knew this information. It is possible, for example, that the court advised him of this possible penalty at an earlier hearing that was not transcribed or that defendant had independently reviewed the sentencing statute. As the *Ratliff* court noted, "it is conceivable that a defendant could knowingly and voluntarily waive the right to counsel, proceed *pro se*, and still have a fair trial without the [Rule 401(a)] admonitions." *Id.*

¶ 24    The *Ratliff* court was clear: a violation of the admonition requirement of Rule 401(a) is not akin to structural error and is not cognizable as second-prong plain error. *Id.* ¶ 46. Defendant may not transform his claim that he received inadequate Rule 401(a) admonishments into a claim that he suffered a deprivation of his constitutional right to counsel that was akin to structural error by merely asserting that the allegedly inadequate admonishment violated his constitutional right to counsel. Thus, even assuming for the sake of argument that defendant

established that a clear or obvious error occurred with respect to the trial court's Rule 401(a) admonishments, such an error is not cognizable under the second prong of the plain-error doctrine (see *id.*), and defendant has not argued that the first prong of the plain-error doctrine applies. Accordingly, we find defendant's argument to be forfeited.

¶ 25                                III. CONCLUSION

¶ 26          For the reasons stated, we affirm the trial court's judgment.

¶ 27          Affirmed.