# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Brock*, 2012 IL App (4th) 100945

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNATHON D. BROCK, Defendant-Appellant. |
| District & No. | Fourth District <br> Docket No. 4-10-0945 |
| Filed | September 7, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's contention that his counsel was ineffective in failing to move to suppress the video recording of a drug transaction between defendant and an informant was rejected where there was no reasonable probability the motion would have succeeded. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 10-CF-773; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Gary R. Peterson, all of State Appellate Defender's Office, of Springfield, for appellant.

Julia Rietz, State's Attorney, of Urbana (Patrick Delfino, Robert J. Biderman, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE McCULLOUGH delivered the judgment of the court, with opinion.

Presiding Justice Turner concurred in the judgment and opinion.

Justice Cook specially concurred, with opinion.

## OPINION

¶ 1    On October 14, 2010, a jury convicted defendant, Johnathon D. Brock, of unlawful delivery of a controlled substance. On November 23, 2010, the trial court sentenced defendant as a Class X offender pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3(c)(8) (West 2008)) to 25 years in prison.

¶ 2    On appeal, defendant argues his trial counsel was ineffective. We affirm.

¶ 3    On May 10, 2010, the State charged defendant by information with single counts of unlawful possession with intent to deliver a controlled substance (count I) (720 ILCS 570/407(b)(2) (West 2008)) and unlawful possession with intent to deliver a controlled substance (count II) (720 ILCS 570/401(d) (West 2008)). On October 12, 2010, the State charged defendant by information with unlawful delivery of a controlled substance (count III) (720 ILCS 570/401(d) (West 2008)). The first and second counts were later dismissed. Defendant pleaded not guilty.

¶ 4    On October 13, 2010, defendant's trial commenced. Samantha Morris testified she was a confidential source for the Urbana police department. She stated that on April 30, 2010, she agreed to purchase cocaine from defendant. Urbana police officer Jay Loschen gave Morris $50 to purchase the drugs and Sergeant Sylvia Morgan fitted Morris with a buttonhole video camera. Morris rode her bicycle to defendant's residence. While riding to defendant's residence, Morris stopped and called defendant from her cell phone. When Morris arrived at defendant's home, defendant invited her inside. While there, defendant gave Morris a sandwich bag with a marble-sized ball tied to the corner. Defendant took the $50. After Morris left defendant's residence, she met with Officer Loschen and Sergeant Morgan to hand over the drugs and the video camera. Without objection, the State introduced the video recording into evidence and played it for the jury. Morris testified that the recording was an

accurate depiction of the events. Morris also identified a series of still photographs that were produced from the video.

¶ 5   Devin Baxter testified he was a confidential source for the Urbana police department. He accompanied Morris on April 30, 2009, when Morris agreed to purchase cocaine from defendant.

¶ 6   Urbana police sergeant Sylvia Morgan testified Morris and Baxter agreed to work as confidential sources. Prior to the transaction with defendant, Officer Loschen gave Morris $50 after Sergeant Morgan searched her and found no contraband. Following the transaction with defendant, Morris and Baxter met Loschen and Morgan and transferred the cocaine Morris had just purchased from defendant.

¶ 7   Officer Loschen testified that Urbana police officers executed a search warrant at defendant's residence on May 7, 2010. Police officers seized a digital scale containing white powder residue, razor blades, sandwich bags, and a cell phone. Defendant was placed under arrest. Defendant stated he may have sold crack cocaine in January or February but he had not sold any recently. According to defendant, he did not sell cocaine to anyone on April 30 but it was possible that he may have given crack cocaine to somebody.

¶ 8   Hope Erwin, a forensic scientist with the Illinois State Police, analyzed exhibit No. 3. Exhibit No. 3 was a plastic bag with six-tenths of a gram of cocaine base.

¶ 9   Defendant did not testify. Following closing arguments, the jury convicted defendant of unlawful delivery of a controlled substance. After denying defendant's motion for a new trial, the trial court sentenced defendant as stated. This appeal followed.

¶ 10   Defendant argues trial counsel was ineffective for failing to file a motion to suppress the video recording of the drug transaction between him and Morris because the recording was obtained without a warrant in violation of article I, section 6, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 6). We disagree.

¶ 11   Claims of ineffective assistance of counsel are analyzed under the standard articulated by *Strickland v. Washington*, 466 U.S. 668 (1984). To set forth an ineffective-assistance-of-counsel claim, "a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defendant." *People v. Petrenko*, 237 Ill. 2d 490, 496, 931 N.E.2d 1198, 1203 (2010). To establish deficient performance, the defendant must show his attorney's performance fell below an objective standard of reasonableness. *People v. Evans*, 209 Ill. 2d 194, 219, 808 N.E.2d 939, 953 (2004). Prejudice is established when a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Evans*, 209 Ill. 2d at 219-20, 808 N.E.2d at 953. A defendant must satisfy both prongs of the *Strickland* standard, and the failure to satisfy either prong precludes a finding of ineffective assistance of counsel. *People v. Clendenin*, 238 Ill. 2d 302, 317-18, 939 N.E.2d 310, 319 (2010).

¶ 12   Article I, section 6, of the Illinois Constitution protects individuals from unreasonable searches and seizures, stating as follows:

"The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, *invasions of privacy or interceptions of communications by eavesdropping devices or other means*. No warrant

shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." (Emphasis added.)

¶ 13 In *People v. Meyer*, 402 Ill. App. 3d 1089, 1093, 931 N.E.2d 1274, 1279 (2010), this court held a defendant has no constitutionally protected privacy interest in any activity recorded by a confidential informant wearing a buttonhole camera during the controlled purchase of narcotics. See also *Hoffa v. United States*, 385 U.S. 293, 302-03 (1966) (the fourth amendment does not protect anything that the defendant knowingly exposes to another member of the public, including a government agent). Federal courts of appeal have held that video recordings obtained by or with the consent of a government agent do not constitute an unconstitutional search. See, *e.g.*, *United States v. Brathwaite*, 458 F.3d 376, 381 (5th Cir. 2006); *United States v. Lee*, 359 F.3d 194, 201 (3d Cir. 2004) (holding no violation occurred where the defendant was in the room but the recording device was not on his person); *United States v. Davis*, 326 F.3d 361, 367 (2d Cir. 2003).

¶ 14 Defendant is correct that the Illinois Constitution's "additional language" ("invasions of privacy or interceptions of communications by eavesdropping devices or other means" (Ill. Const. 1970, art. I, § 6)) expands upon the rights in the federal constitution. See *People v. Caballes*, 221 Ill. 2d 282, 317, 851 N.E.2d 26, 47 (2006). However, the clause creating an additional right to privacy was added to article I, section 6, in response to a concern that the government might use newly available technology to develop "a general information bank" that would collect and monitor personal information. See *Caballes*, 221 Ill. 2d at 318, 851 N.E.2d at 47. "The plain language of this section prohibits only *unreasonable* eavesdropping, not all nonconsensual eavesdropping." (Emphasis in original.) *People v. Edwards*, 337 Ill. App. 3d 912, 928, 788 N.E.2d 35, 49 (2002). "Once the right to privacy under article I, section 6, is established, the court must determine whether the state's invasion of individual privacy is reasonable." *Caballes*, 221 Ill. 2d at 321, 851 N.E.2d at 49.

¶ 15 Given the original intent of the clause creating the additional right to privacy, and further, defendant inviting Morris into his home, defendant cannot show there was a reasonable probability that a motion to suppress would have been granted had one been filed by his attorney. Thus, respondent cannot establish he received ineffective assistance of counsel.

¶ 16 For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 17 Affirmed.

¶ 18 JUSTICE COOK, specially concurring.

¶ 19 I concur based on the facts of this case.

¶ 20 I conclude more is required for the admission of the video recording than "defendant inviting Morris into his home." In this case, defendant invited Morris into his home for the purpose of committing a criminal act. When a "home is converted into a commercial center to which outsiders are invited for purposes of transacting unlawful business, that business is entitled to no greater sanctity than if it were carried on in a store, a garage, a car, or on the

street." *Lewis v. United States*, 385 U.S. 206, 211 (1966). A police officer or informant, however, should not be allowed access to an innocent person's home simply by persuading the person to let him in. Professor LaFave discusses "the more extreme forms of deception, such as police entry of a private home in the guise of an employee of the gas company." 4 Wayne R. LaFave, Search and Seizure § 8.2(m) (4th ed. 2004).

¶ 21    It is interesting to note that if Morris had been using an audio recording device, instead of a video camera, the audio recording would have been inadmissible. 720 ILCS 5/14-5 (West 2008); see also 725 ILCS 5/108A-9(a)(1), 108B-12(c)(1) (West 2008). "The Illinois General Assembly has enacted a rigorous eavesdropping statute, which prohibits recording conversations unless all the parties consent or one party consents and prior judicial authorization is obtained." *People v. Coleman*, 227 Ill. 2d 426, 434, 882 N.E.2d 1025, 1029 (2008). It could be argued that article I, section 6, of the Illinois Constitution of 1970 should be read in a similar fashion, but I would reject that argument. The Illinois eavesdropping statute goes further than most other jurisdictions and has been criticized for excluding the most reliable evidence of a conversation, while less reliable evidence, the testimony of the consenting party, is admissible. *People v. Kurth*, 34 Ill. 2d 387, 398, 216 N.E.2d 154, 160 (1966) (Underwood, J., concurring).