NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 180811-U

NO. 4-18-0811

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 22, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| JOHNATHON D. BROCK, | ) | No. 10CF773 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: The motion of the Office of the State Appellate Defender to withdraw as
defendant's appellate counsel is granted, and the trial court's dismissal of
defendant's petition for relief from judgment is affirmed.

¶ 2    In June 2018, defendant, Johnathon D. Brock, filed a petition for relief from
judgment. In November 2018, the trial court dismissed defendant's petition, concluding the
petition was time barred and failed to state a cause of action.

¶ 3    This case comes to us on the motion of the Office of the State Appellate Defender
(OSAD) to withdraw as counsel on appeal because any request for review would be without
merit. Specifically, OSAD asserts it can make no meritorious argument that (1) the trial court
improperly dismissed defendant's petition for relief from judgment because it failed to state a
meritorious claim and was untimely and not void, (2) the trial court failed to comply with the

rules of civil procedure, or (3) defendant's filing was also a petition for a writ of *mandamus*. We grant OSAD leave to withdraw as counsel and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5            In May 2010, the State charged defendant with unlawful possession with intent to deliver a controlled substance (less than one gram of a substance containing cocaine) within 1000 feet of a park on April 30, 2010 (720 ILCS 570/407(b)(2) (West 2008)) (count I), and unlawful possession with intent to deliver a controlled substance (less than one gram of a substance containing cocaine) on April 30, 2010 (720 ILCS 570/401(d) (West 2008)) (count II). On the morning of trial, the State charged defendant with unlawful delivery of a controlled substance (less than one gram of a substance containing cocaine) on April 30, 2010 (720 ILCS 570/401(d) (West 2008)) (count III), a Class 2 felony with mandatory Class X sentencing pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2008), now 730 ILCS 5/5-4.5-95(b) (West 2010), as amended by Pub. Act 95-1052 §§ 5, 90 (eff. July 1, 2009) (2008 Ill. Laws 4204, 4222, 4247) (moving language of section 5-5-3(c)(8) to section 5-4.5-95(b)). Counts I and II were dismissed.

¶ 6            In October 2010, a jury found defendant guilty of unlawful delivery of a controlled substance. In November 2010, the trial court sentenced defendant to 25 years' imprisonment. On November 29, 2010, defendant filed a notice of direct appeal. On direct appeal, defendant argued trial counsel was ineffective for failing to file a motion to suppress the video recording of the drug transaction between defendant and a confidential informant. In January 2013, this court affirmed defendant's conviction. *People v. Brock*, 2012 IL App (4th) 100945, ¶ 2, 976 N.E.2d 631.

¶ 7       On December 1, 2010, defendant filed a *pro se* postconviction petition.  The petition asserted trial counsel failed to suppress evidence from the drug raid, allowed evidence seized in a different case, and failed to call defendant's codefendant as a witness.  The petition further asserted the State withheld allegedly exculpatory evidence, the evidence was insufficient to prove defendant guilty beyond a reasonable doubt where witnesses provided conflicting accounts of the controlled buys, and the State knowingly used perjured testimony.  The trial court dismissed the postconviction petition at the first stage, finding it was frivolous and patently without merit.  Defendant did not appeal the dismissal.

¶ 8       In August 2013, defendant filed a petition for leave to file a successive postconviction petition based on actual innocence.  The successive petition asserted his codefendant would testify that defendant was not involved in this crime and trial counsel should have called the codefendant to testify.  Defendant further argued trial counsel should have exercised a peremptory challenge to exclude the jury foreman, filed a motion *in limine* to exclude defendant's prior convictions, filed a motion to reconsider sentence, made a *Batson* challenge, and requested a jury instruction for a drug addict witness.  The successive petition also alleged defendant was denied the right to a fair and impartial jury "where [p]etitioner's jury pool was composed of all white veniremen and no African Americans."  Finally, defendant argued his fourteenth amendment rights were violated where the State knowingly used perjured testimony.

¶ 9       On August 16, 2013, the trial court entered an order dismissing defendant's motion for leave to file a successive postconviction petition because none of the issues met the cause-and-prejudice test.  Defendant appealed the dismissal.  On appeal, OSAD filed a motion to withdraw as counsel.  On July 28, 2015, this court granted OSAD's motion to withdraw, concluding defendant failed to set forth a colorable claim of actual innocence and meet the

cause-and-prejudice test with respect to his remaining claims. *People v. Brock*, 2015 IL App (4th) 130809-U.

¶ 10        In June 2018, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) or, in the alternative, *mandamus* relief.  Defendant asserted the information filed in count III did not establish his previous convictions as required by section 111-3 of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/111-3(c) (West 2018)) to enhance his offense.  Defendant alleged the defective information rendered his conviction void *ab initio* and the conviction should be vacated.  The petition further asserted the addition of count III was improper because an amendment to an information must be made before trial and with a prompt preliminary hearing.  Defendant asserted the amendment was a material change because it changed the nature and the elements of the charged offense, and he was denied due process "because the State failed to reverify the information."

¶ 11        Defendant's filing included a proof of service to the state's attorney dated June 14, 2018.  On July 16, 2018, the trial court granted the State 45 days to respond to defendant's petition for relief from judgment.  On September 21, 2018, defendant filed a motion arguing the State's failure to respond within 45 days warranted the granting of his petition for relief from judgment and the dismissal of his criminal conviction.  On September 24, 2018, the State filed its response and noted defendant's petition was filed more than seven years after the entry of the judgment of conviction.  Although defendant asserted his conviction was void *ab initio*, the State argued that section 111-3 of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2018)) did not apply where the sentence—not the classification of the offense—was enhanced by prior

- 4 -

convictions. The State further argued count III arose out of the same occurrence as counts I and II and a new preliminary hearing was not required.

¶ 12        On November 5, 2018, defendant filed a response to the State's answer. Defendant asserted a different attorney represented him during the preliminary hearing and his trial counsel was unaware of the specifics of the testimony from the preliminary hearing. Defendant further argued trial counsel did not have adequate time to prepare a defense because count III was filed the day before trial. Defendant asserted his petition was not untimely because his judgment was void. Finally, defendant reasserted the information needed to be reverified when the charge changed from possession with intent to deliver to actual delivery.

¶ 13        Defendant also filed a declaration for entry of default, arguing the State had proper service and 45 days to respond, but the State filed its response late and without seeking an extension. According to defendant, the State's late response violated equal protection and due process. Defendant asked that the State's response be stricken, the cause vacated, and the court grant his petition for relief from judgment.

¶ 14        On November 14, 2018, the trial court dismissed defendant's petition for relief from judgment. The court noted defendant did not claim he was under any legal disability or duress for the eight years since his sentence was entered or that his grounds for relief were fraudulently concealed from him. The court concluded defendant's petition was "not only time barred but also doesn't state a cause of action and is ordered dismissed."

¶ 15        This appeal followed.

¶ 16                                II. ANALYSIS

¶ 17        OSAD seeks to withdraw as counsel on appeal, asserting it can make no meritorious argument that (1) the trial court improperly dismissed defendant's petition for relief

from judgment because it failed to state a meritorious claim and was untimely and not void, (2) the trial court failed to comply with the rules of civil procedure, or (3) defendant's filing was also a petition for a writ of *mandamus*.

¶ 18        As an initial matter, OSAD cites *People v. Buchanan*, 2019 IL App (2d) 180194, 145 N.E.3d 722, where the appellate court granted OSAD's motion to withdraw as counsel and affirmed the dismissal of the defendant's section 2-401 petition. OSAD contends two members of the appellate court panel, in *dicta*, opined that OSAD should have sought to withdraw on the basis that the trial court had no authority to appoint OSAD to an appeal from a civil proceeding under section 2-1401. *Id.* ¶ 5. In this case, OSAD specifically states it does not move to withdraw on the basis the trial court lacked authority to appoint OSAD to this appeal. Accordingly, we decline to address this basis for withdrawal.

¶ 19                    A. Dismissal of Defendant's Petition

¶ 20        Section 2-1401 is a civil remedy that may be used to obtain relief in criminal cases. *People v. De Leon*, 387 Ill. App. 3d 1035, 1038, 901 N.E.2d 997, 1001 (2009). "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *People v. Vincent*, 226 Ill. 2d 1, 7, 871 N.E.2d 17, 22 (2007). A section 2-1401 petition must be filed not later than two years after the entry of the judgment. *Id.* "The statute further provides for an exception to the time limitation for legal disability and duress or if the ground for relief is fraudulently concealed." *Id.* "[W]hen a court enters either a judgment on the pleadings or a dismissal in a section 2-1401 proceeding, that order will be reviewed, on appeal, *de novo*." *Id.* at 18.

¶ 21                    1. *Failure to State a Meritorious Claim*

¶ 22        In his petition for relief from judgment, defendant raised two claims: (1) the information filed in count III was void because it did not establish his previous convictions used to make him eligible for Class X sentencing and (2) count III changed the nature and elements of the charged offense, which required a new preliminary hearing.

¶ 23        Defendant was originally charged with two counts of unlawful possession with intent to deliver.  On the day of trial, the State filed an information charging defendant with unlawful delivery of a controlled substance, a Class 2 felony with mandatory Class X sentencing based on his prior convictions pursuant to section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2008), now 730 ILCS 5/5-4.5-95(b) (West 2010)).  Defendant argued the information was defective because it failed to establish his prior convictions, which rendered his conviction void *ab initio*.  In support of this argument, defendant cited *People v. Sheehan*, 168 Ill. 2d 298, 303-04, 659 N.E.2d 1339, 1342 (1995), for the proposition that "when the State seeks to increase the classification of an offense 'because of a prior conviction,' the charge 'shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant.' (Ill. Rev. Stat. 1991, ch. 38, par. 111-3(c).)"

¶ 24        Defendant's argument fails to acknowledge there is no requirement under section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2018)) to give a defendant pretrial notice he will be sentenced as a Class X offender under section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2010), now 730 ILCS 5/5-4.5-95(b) (West 2010)).  In *People v. Jameson*, 162 Ill. 2d 282, 290-91, 642 N.E.2d 1207, 2111 (1994), the supreme court construed the language of section 111-3(c) and concluded as follows: "[T]he legislature did not intend to require the State to notify defendants that they would be sentenced as Class X offenders.  Under section 5-5-3(c)(8), a defendant's sentence is increased

because of prior felony convictions, but the classification of offense with which the defendant is charged and convicted remains the same. Thus, section 111-3(c) does not require the State to give a defendant pretrial notice that his sentence will be increased pursuant to section 5-5-3."

¶ 25        Here, the information did inform defendant the State was seeking Class X sentencing. Defendant's complaint is the State failed to list which of his prior convictions would be used at sentencing. As the supreme court held in *Jameson*, section 111-3(c) does not require the State to provide defendant with pretrial notice his sentence would be increased pursuant to section 5-5-3. Although the State did provide defendant with such notice, defendant cites no authority to support the argument that the State's failure to identify the specific prior convictions it relied on to enhance his sentence was error. Simply put, the information did not seek to enhance the classification of the offense for which defendant was charged. Therefore, "section 111-3(c) does not require the State to give a defendant pretrial notice that his sentence will be increased pursuant to section 5-5-3." *Id.* Thus, the information in count III was not defective and did not render defendant's conviction void *ab initio*. We conclude the trial court properly determined this issue had no merit.

¶ 26        Defendant also argued count III changed the nature and elements of the charged offense, which required a new preliminary hearing. "When attacked for the first time on appeal, a charging instrument is sufficient if it notified the defendant of the precise offense charged with enough specificity to allow the defendant to (1) prepare his or her defense and (2) plead a resulting conviction as a bar to future prosecution arising out of the same conduct." *People v. Carey*, 2018 IL 123171, ¶ 22, 104 N.E.3d 1150.

¶ 27        Here, count I charged defendant with unlawful possession with intent to deliver a controlled substance (less than one gram of a substance containing cocaine) within 1000 feet of a

park on April 30, 2010, and count II charged him with unlawful possession with intent to deliver a controlled substance (less than one gram of a substance containing cocaine) on April 30, 2010. Count III charged defendant with unlawful delivery of a controlled substance (less than one gram of a substance containing cocaine) on April 30, 2010. In all three counts, defendant was charged with a transaction involving less than one gram of cocaine on April 30, 2010. The addition of actual delivery (versus possession with intent to deliver) and the mandatory Class X sentencing did not change the nature and elements of the offense.

¶ 28    Defendant's petition asserted his trial counsel was appointed after the preliminary hearing and did not have adequate time to prepare a defense because count III was filed the day of trial. However, none of these alleged deficiencies are due to a change in the charge against defendant where the confidential informant and codefendant remained the same, as did the date and specifics of the transaction. Moreover, all three charges set forth a specific offense, the controlled substance involved, and the date of the offense with sufficient specificity to plead a resulting conviction as a bar to future prosecution arising out of this conduct. Accordingly, we conclude the trial court did not err in finding this issue without merit.

¶ 29                    2. *Timeliness and Voidness*

¶ 30    As discussed above, a section 2-1401 petition must be filed not later than two years after the entry of the judgment. *Vincent*, 226 Ill. 2d at 7. "The statute further provides for an exception to the time limitation for legal disability and duress or if the ground for relief is fraudulently concealed." *Id.*

¶ 31    Here, defendant filed his section 2-1401 petition more than seven years after he was sentenced to 25 years' imprisonment in November 2010. Defendant makes no assertion he

was under legal disability or duress or the grounds for relief were fraudulently concealed. Rather, defendant asserts his judgment was void.

¶ 32    "[A] voidness challenge to a final judgment under section 2-1401 that is exempt from the ordinary procedural bars is available only for specific types of claims." *People v. Thompson*, 2015 IL 118151, ¶ 31, 43 N.E.3d 984.  First, a judgment is void where the court that entered the judgment lacked personal or subject matter jurisdiction.  *Id.*  "A second type of voidness challenge that is exempt from forfeiture and may be raised at any time involves a challenge to a final judgment based on a facially unconstitutional statute that is void *ab initio*." *Id.* ¶ 32.

¶ 33    Neither of these exceptions applies to defendant's section 2-1401 petition.  Here, the circuit court had subject matter jurisdiction over his criminal case (see *People v. Hughes*, 2012 IL 112817, ¶ 21, 983 N.E.2d 439) and it acquired personal jurisdiction when defendant appeared before the court (see *People v. Baum*, 2012 IL App (4th) 120285, ¶ 13, 979 N.E.2d 120).  Additionally, defendant did not raise a claim based on a facial challenge to the constitutionality of a statute.  Defendant did not assert any facts to excuse the late filing of his petition.  Accordingly, we conclude the trial court did not err by dismissing defendant's petition as untimely.

¶ 34                    B. Rules of Civil Procedure

¶ 35    Defendant's filing included a proof of service to the state's attorney dated June 14, 2018.  On July 16, 2018, the trial court granted the State 45 days to respond to defendant's petition for relief from judgment.  On September 21, 2018, defendant filed a motion arguing the State's failure to respond within 45 days warranted the granting of his petition for relief from judgment and the dismissal of his criminal conviction.  On September 24, 2018, the State filed its

response and noted defendant's petition was filed more than seven years after the entry of the judgment of conviction. Defendant filed a declaration for entry of default, arguing the State had proper service and 45 days to respond, but the State filed its response late and without seeking an extension.

¶ 36        OSAD asserts defendant failed to comply with the provisions of Illinois Supreme Court Rule 105 (eff. Jan. 1, 2018) that required him to notify the State of the possibility of a default notice. Specifically, Rule 105 requires service by mail be sent by certified or registered mail. Ill. S. Ct. R. 105(b)(2) (eff. Jan. 1, 2018). Additionally, the notice must inform the respondent "that a judgment by default may be taken against him for the new or additional relief unless he files an answer or otherwise files an appearance in the office of the clerk of the court within 30 days after service." Ill. S. Ct. R. 105(a) (eff. Jan. 1, 2018). OSAD asserts defendant did not send notice by certified or registered mail and the proof of service in the record does not show the State was notified of the possibility of judgment by default. Moreover, "[t]he court can dismiss a petition despite a lack of responsive pleading if the petition is deficient as a matter of law." *People v. Matthews*, 2016 IL 118114, ¶ 8, 76 N.E.3d 1233.

¶ 37        OSAD correctly asserts nothing in the record shows defendant complied with Rule 105. Moreover, as discussed above, defendant's petition failed to state a meritorious claim. Accordingly, even if the State had not responded, the court could have dismissed defendant's petition because it was deficient as a matter of law.

¶ 38                                C. *Mandamus*

¶ 39        Finally, OSAD asserts no meritorious argument can be made that defendant's petition sought *mandamus* relief. We agree. Although defendant's petition was entitled "petition for relief from judgment or in the alternative *mandamus* relief," nothing in the petition

indicated defendant's intent for the filing to be adjudicated as a writ of *mandamus*. "*Mandamus* may be used to compel a public officer to perform a duty that does not involve the exercise of discretion by the officer [(citation)], but *mandamus* will not issue to direct the manner in which a discretionary act is performed [(citation)], even if the judgment or discretion has been erroneously exercised." *Turner-El v. West*, 349 Ill. App. 3d 475, 479-80, 811 N.E.2d 728, 733 (2004). Additionally, *mandamus* relief will only be granted "where the plaintiff has set forth *every material fact* needed to demonstrate that he has a clear right to the relief requested, there is a clear duty on the part of the defendant to act, and clear authority exists in the defendant to comply with an order granting *mandamus* relief." (Emphasis in original.) *Id.* at 480.

¶ 40        Here, defendant has not shown an error occurred. Therefore, defendant has no clear right to relief. Indeed, there is nothing in the petition identifying a public officer with a clear obligation to perform a duty that does not involve the exercise of discretion. Accordingly, we conclude the trial court did not err by not treating defendant's petition as a request for *mandamus* relief.

¶ 41                                III. CONCLUSION

¶ 42        For the reasons stated, we grant OSAD's motion to withdraw as appellate counsel and affirm the trial court's judgment.

¶ 43        Affirmed.